IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00962-CMA-MEH

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.

JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 67.174.106.86,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendant John Doe's Motion to Quash Subpoena [filed May 30, 2023; ECF 12]. Additional briefing would not materially assist the Court in adjudicating the Motion. *See* D.C.COLO.LCivR 7.1(d). For the following reasons, the Court **denies** the Motion.

## BACKGROUND

    Plaintiff initiated this action on April 18, 2023, alleging that Defendant John Doe, identified only by his internet protocol ("IP") address, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected media. ECF 1.

    In an effort to identify the alleged infringer, Plaintiff requested permission from the Court to serve limited, immediate discovery on Defendant's Internet Service Providers ("ISP") prior to the Rule 26(f) conference to obtain additional information regarding Defendant's identity. ECF 8. The Court determined that Plaintiff had shown good cause for limited expedited discovery and

1

granted Plaintiff's Motion. ECF 10. In particular, the Court authorized Plaintiff to serve a third-party subpoena pursuant to Fed. R. Civ. P. 45 on the identified ISP for the limited purpose of ascertaining the identity of the Defendant based upon the IP address named in the Complaint. *Id.* The Court directed that the subpoena be limited to providing Plaintiff with the name and address of the subscriber (Defendant John Doe) to whom the ISP has assigned an IP address. *Id.* With the subpoena, the Court directed Plaintiff to serve a copy of the Court's Order. *Id.* Finally, the Court emphasized that Plaintiff may only use the information disclosed in response to the subpoena for the purpose of protecting and enforcing its rights as set forth in its Complaint, ECF 1. ECF 10. The Court cautioned Plaintiff that improper use of this information may result in sanctions. *Id.*

In accordance with the Court's Order, Plaintiff served a Rule 45 subpoena on Defendant's ISP, Comcast Cable Communications, LLC ("Comcast"), on or about May 2, 2023. ECF 12-1 at 3. Comcast notified Defendant of the subpoena on May 8, 2023. *Id.* at 2. Defendant filed the pending Motion to Quash on May 30, 2023. ECF 12.

## LEGAL STANDARD

Fed. R. Civ. P. 45(d)(3)(A) requires the Court to modify or quash a subpoena that: (i) "fails to allow a reasonable time to comply;" (ii) requires excessive travel by a non-party; (iii) "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." No other grounds are listed. *Id.*

In this district, a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy issue is implicated. *See Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum."); *see also Luo v. Wang*, No. 1:20-cv-02765-RMR-MEH, 2022 WL 4473650, at *1 (D. Colo. Sept. 19, 2022) (same (quoting *Windsor*,

2

175 F.R.D. at 668)); *Martinez v. Nationwide Affinity Ins. Co. of America*, No. 1:21-cv-02495-CNS-SKC, 2023 WL 3865717, at *2 (D. Colo. June 7, 2023) (same (citing *Windsor*, 175 F.R.D. at 668)); *Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993) ("Plaintiff correctly notes that the burden is upon [the moving non-party] to show that he has a privacy interest or that some other privilege applies." (citing *Centurion Industries, Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323 (10th Cir. 1981))). Other courts in the Tenth Circuit have held that a party has standing to challenge a subpoena served on a third party only on the basis "of privilege, personal interest, or proprietary interest." *Howard v. Segway, Inc.*, No. 11-cv-688-GFK-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18 (D.D.C. 2005)).

Accordingly, objections unrelated to a claim of privilege or privacy interests are not proper bases upon which a party may quash a subpoena. *See Windsor*, 175 F.R.D. at 668; *see also PTG Nevada, LLC v. Does*, No. 16-cv-00425-WYD-MEH, 2016 WL 1248509, at *1 (D. Colo. Mar. 30, 2016) (same (citing *Windsor*, 175 F.R.D. at 668)); *Luo*, 2022 WL 4473650, at *1 (finding "Plaintiff lacks standing to bring any of her arguments not related to a claim of privilege or some other privacy interest"); *Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of New York*, 519 F. Supp. 668, 680 (D. Del. 1981) (movant lacks standing to raise objections unrelated to any right of privilege). Thus, "[e]ven where a party has standing to quash a subpoena based on privilege or a personal right, [he or she] still lacks standing to object on the basis of undue burden." *Howard*, 2012 WL 2923230, at *2 (internal citations omitted); *see also Martinez*, 2023 WL 3865717, at *3 n.2 (same (citing *Howard*, 2012 WL 2923230, at *2)); *PTG Nevada, LLC*, 2016 WL 1248509, at *1 (same (citing *Howard*, 2012 WL 2923230, at *2)); *Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383, at *8 (E.D. Pa. July 30, 2012) (noting that a defendant seeking to

quash a subpoena on an ISP "is not faced with an undue burden because the subpoena is directed at the internet service provider and not the [d]efendant.").

## ANALYSIS

As an initial matter, given the content of the Motion, Defendant John Doe appears to seek to proceed in this litigation anonymously. ECF 12. However, Defendant has failed to properly seek permission from the Court to do so. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that "a party who wishes to proceed anonymously may overcome this presumption [against anonymous proceedings] by filing a well-reasoned motion to proceed anonymously"); *see also W. Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("[F]ederal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment."). Based on these failures, the Court is authorized to deny Defendant's Motion without prejudice. *See Malibu Media, LLC v. Doe Subscriber Assigned IP Address 98.245.106.243*, No. 13-cv-01560-WYD-MEH, 2013 WL 4041579, at *1 (D. Colo. Aug. 7, 2013). In the interest of judicial efficiency, however, the Court will proceed to the merits. *Id.*

But first, the Court acknowledges that Defendant's filing contains Defendant's name and address. ECF 12-1 at 2. Accordingly, the Clerk of Court is directed to **maintain ECF 12-1 under Restriction Level Two** until further order from the Court.[1] If Defendant wants to proceed anonymously and keep this filing (containing Defendant's identifying information) confidential,

---

[1] The Court orders Restriction Level Two instead of Level Three in light of its ruling on the Motion to Quash herein which permits Comcast to disclose Defendant's name and address to Plaintiff in response to Plaintiff's subpoena.

4

Defendant shall file a motion to (1) maintain the filing under Restriction Level Two and (2) proceed anonymously in this litigation on or before **June 23, 2023**.

Turning to the merits of Defendant's Motion to Quash, Defendant argues that he or she has standing to quash based on "a personal or proprietary interest" in his or her personally identifying information. ECF 12 at 8. The Court agrees and therefore may consider Defendant's Motion but must limit its analysis to whether the subpoena served on Comcast "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).

This Court agrees with those courts finding that internet subscribers do not have an expectation of privacy in the identifying information they gave to their ISPs. *See, e.g.*, *Platinum Properties Inv. Network, Inc. v. Does 1-2*, No. 18-61907-CIV, 2018 WL 7825045, at *7 (S.D. Fla. Nov. 19, 2018) (holding defendants lack an "expectation of privacy in Internet subscriber information because it has already been exposed to a third party, the Internet Service Provider" (internal citation omitted)); *id.* ("The Supreme Court consistently has held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." (internal citation omitted)); *AF Holdings, LLC v. Does 1–162*, No. 11-23036-Civ, 2012 WL 488217, at *4 (S.D. Fla. Feb. 14, 2012) ("As courts have routinely held, 'Internet subscribers do not have a reasonable expectation of privacy in subscriber information they have already conveyed to their [Internet Service Providers].'" (internal citations omitted)); *First Time Videos, LLC v. Does 1–18*, No. 4:11-cv-69-SEB-WGH, 2011 WL 4079177, at *1 (S.D. Ind. Sept. 13, 2011) ("[T]here is no expectation of privacy in Internet subscriber information because it has already been exposed to a third party, the Internet Service Provider." (internal citations omitted)). As for privilege, "[t]he burden rests squarely on the Defendant, as the moving party, to demonstrate that privilege exists

5

and that the subpoena would disclose such information." *Malibu Media, LLC*, 2012 WL 3089383, at *5 (internal citation omitted).

In this case, Defendant's Motion does not address whether the information sought is privileged or otherwise protected. Instead, Defendant asks the Court to quash the subpoena based on Plaintiff's settlement practices, Plaintiff's use of "highly unreliable" technology with "a significant risk of misidentification," and the potential for "unwarranted annoyance, embarrassment, and an undue burden." ECF 12. As set forth below, each argument is equally outside the scope of Rule 45.

### I. Reliability of Technology and Risk of Misidentification

Defendant asserts Plaintiff used technology that is unreliable to identify Defendant and "insufficient to show a volitional act of copyright infringement."[2] ECF 12 at 8. Similarly, Defendant argues the subpoena "improperly seeks information relating to public IP addresses of individuals that *potentially* have nothing to do with any infringement activities."[3] *Id.* at 15–16 (emphasis added). Thus, the subpoena purportedly permits Plaintiff "to obtain the detailed personal information of unknown numbers of innocent individuals that Plaintiff could never make party to this suit and subject them to onerous, invasive discovery and/or unfair settlement tactics. *Id.* at 7.

Importantly, the plain language of Rule 45 does not authorize the Court to quash a subpoena based upon alleged misidentification. "[T]he concern that someone else may have somehow gained access to the Doe's computer is essentially a denial of personal liability." *Malibu Media, LLC v. John Does 1-7*, No. 12-1189, 2013 WL 501445, at *2 (C.D. Ill. Feb. 11, 2013) (internal citation

---

[2] Curiously, Defendant's argument regarding the reliability of identifying Defendant "merely by a public IP address" cites a dearth of authority. *Id.* at 8–13.
[3] Defendant mischaracterizes the subpoena. The subpoena seeks information about a single IP address consistent with the Court's Order at ECF 10. ECF 12-1 at 3.

omitted). However, "[a] general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit." *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011) (internal citations omitted); *see also Malibu Media, LLC*, 2013 WL 501445, at *2 (the concern about misidentification "goes to the merits of the claim, not to the validity or enforceability of the subpoena . . . Raising this issue now is premature."). Thus, Defendant's arguments challenging Plaintiff's investigation methods and concerning the accessibility of a Wireless Firewall/Router are premature at this stage of the litigation and more properly raised during adjudication of the merits of this case. "Without the identifying information to name the Doe Defendant[] as [a] part[y] to the lawsuit, the plaintiff would not have 'the opportunity to contest the merits and the veracity of their defenses.'" *First Time Videos, LLC*, 276 F.R.D. at 251 (quoting *Voltage Pictures, LLC v. Does 1-5000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011)).

In fact, Plaintiff's attempt to obtain information from the ISP is a necessary first step in Plaintiff's process of discovering the identity of the alleged infringer for the purpose of enforcing its copyright. The fact that the information Plaintiff seeks will not conclusively establish liability does not persuade the Court that the subpoena should be quashed. To hold otherwise would impose a standard inconsistent with the Federal Rules of Civil Procedure. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the parties' relative access to relevant information, . . . [and] the importance of the discovery in resolving the issues . . . ." Fed. R. Civ. P. 26(b)(1). Here, Defendant does not claim that his or her identifying information is "privileged" and, as the internet subscriber with an IP address captured by the Plaintiff in investigating potential copyright

infringement, Defendant certainly may know information that may lead to the identification of the actual infringer and other discoverable matter.

## II.      Plaintiff's Settlement Practices

Next, Defendant claims "it is highly likely that Plaintiff has no intention of pursuing an actual trial on the merits in the thousands of copyright infringement cases" it has filed and "instead hopes to profit from settlements with small and relatively resource limited individual defendants as well as default judgments against individual defendants who are unsure of how to, or feel they are financially unable to, defend themselves through the full course of a copyright infringement trial." ECF 12 at 4. Defendant further argues that Plaintiff "appears to be seeking to take advantage of the threat of an award of statutory damages, attorneys' fees, ignorance about copyright law, and the stigma associated with accessing copyrighted material via the internet to extract quick and profitable settlements." *Id.* at 5. Fearing damages or "to avoid the embarrassment or professional and/or personal ruin that might accompany a public accusation of copyright infringement," Defendant speculates, some Doe defendants could "quickly and anonymously acquiesce to Plaintiff's coercive demands" despite innocence. *Id.* at 6.

Although Defendant expresses a concern regarding the fairness of Plaintiff's settlement practices, Rule 45 does not contemplate quashing a subpoena on this basis. Even if it did, the Court has neither observed nor been made aware of any particular Defendant in the cases before this Court who has experienced "coercive" settlement tactics by Plaintiff. Defendant asserts, "Federal Courts have expressed skepticism toward this business model" and "question[ed] 'Plaintiffs who file cases with extremely weak infringement positions in order to settle for less than the cost of defense and have no intention of taking a case to trial.'" ECF 12 at 3 (internal citations omitted). But the cases Defendant cites do not involve the Plaintiff. Indeed, as the Magistrate Judge assigned

8

to handle all cases by this Plaintiff and routinely assigned to handle all cases by other similarly situated plaintiffs, this Court has handled over a hundred similar cases and consistently found these plaintiffs are not copyright trolls but rather actual producers of adult films whose works are infringed.

Additionally, Defendant contends "Plaintiff also has the ability to pursue the Defendants in a much less intrusive manner." *Id.* at 4. However, provided Plaintiff has a good-faith basis under Rule 11 for bringing suit, it "has a constitutional right to file a lawsuit to and engage in discovery to determine whether a defendant or someone using a defendant's IP address infringed on its protected works," even if there is no ultimate liability. *Malibu Media, LLC v. Maness*, No. 12-cv-01873-RBJ-MEH, 2012 WL 7848837, at *6 (D. Colo. Dec. 4, 2012). Similarly, Plaintiff shares the same right as all litigants to settle or dismiss its claims before engaging in discovery and prior to the filing of any dispositive motions. *Id.* Thus, the Court is not convinced that Defendant has suffered "coercion" by Plaintiff.[4]

### III. Embarrassment, Annoyance, and Undue Burden

Finally, Defendant contends "Plaintiff's subpoena is intended to cause an undue annoyance, embarrassment, and hardship to Defendant." ECF 12 at 17. Specifically, Defendant claims that associating "Defendant's personally identifying information . . . without sufficient evidentiary support with the unlawful downloading of copyrighted material . . . would be highly embarrassing to Defendant, unjustifiably stigmatizing to Defendant, injurious to Defendant's character and reputation, and potentially jeopardizing to Defendant's employment." *Id.* Defendant

---

[4] Even if the Court found this might constitute an "undue burden" under Rule 45—which it does not—a party "lacks standing to object [to a subpoena] on the basis of undue burden." *Howard*, 2012 WL 2923230, at *2 (internal citations omitted); *see also Malibu Media, LLC*, 2012 WL 3089383, at *8.

insists that "the embarrassment and reputational damage" would "persist because of the public record" even if Defendant disproved Plaintiff's allegations." *Id.* at 18.

At the outset, Defendant is a party and thus "lacks standing to object [to the subpoena] on the basis of undue burden." *Howard*, 2012 WL 2923230, at *2 (internal citations omitted); *see also Malibu Media, LLC*, 2012 WL 3089383, at *8. Moreover, a party's concern that being named as a defendant in a federal lawsuit may cause embarrassment and/or injure his or her reputation is outside Rule 45's scope. Although "some social stigma [is] attached to consuming pornography . . . it is the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove." *Malibu Media, LLC*, 2012 WL 3089383, at *9 (internal quotations and citations omitted) (declining to quash a subpoena on the basis of a defendant's embarrassment over the pornographic content of the work he allegedly infringed). Here, the Court has ordered the temporary restriction of a filing with Defendant's identity and invited Defendant to move to maintain that restriction and proceed anonymously in this case. Thus, while the Court acknowledges Defendant's concerns, in this matter, it is ultimately bound by Rule 45 and must only quash a subpoena on the bases cited therein.

In fact, as in this case, to the extent embarrassment at being named in a lawsuit of this type might constitute an "undue burden" pursuant to Rule 45, in an effort to reduce the likelihood of any untoward settlement conduct or undue embarrassment of a Doe defendant, this Court affirms the practice of ISPs withholding a Doe defendant's identifying information pending the resolution of any motion filed by a Doe defendant challenging the subpoena, and typically grants a Doe defendant's well-supported motion to proceed anonymously in the case pending resolution of motions to dismiss, sever, or quash. Further, with a plaintiff's consent, the Court has granted motions for protective order allowing Doe defendants to proceed in the litigation anonymously. In

this case, Defendant obviously has not been identified with the exception of Defendant's own filing which the Court has temporarily ordered restricted. Any potential for embarrassment may be avoided (at least for a reasonable period) if agreeable to all parties.

## CONCLUSION

The Court finds that Defendant has not met his or her burden of showing that the subpoena served on Comcast must be quashed. Therefore, the Court **denies** Defendant John Doe's Motion to Quash Subpoena [filed May 30, 2023; ECF 12].

The Clerk of Court is directed to **maintain ECF 12-1 under Restriction Level Two** until further order from the Court. The Court will permit this restriction pending resolution of a motion by Defendant to (1) maintain the filing under Restriction Level Two and (2) proceed anonymously in this litigation. Defendant may file the Motion on or before **June 23, 2023**. If no such motion is filed, however, the Court will order the removal of the restriction.

Entered and dated at Denver, Colorado, this 8th day of June, 2023.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge