IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-962-CMA-MEH

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.

JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 67.174.106.86,

    Defendant.

### JOHN DOE'S *UNOPPOSED* MOTION FOR LEAVE TO RESTRICT AND TO PROCEED ANONYMOUSLY UNTIL TRIAL

John Doe Subscriber Assigned IP Address 67.174.106.86 ("Doe" or "Defendant"), by and through their undersigned counsel and pursuant to D.C.COLO.L.Civ.R. 7.1, 7.2, and the Court's June 9, 2023 Order denying Defendant's Motion to Quash Subpoena [ECF No. 14], files this motion (1) for leave to restrict ECF No. 12-1 under Restriction Level One[1] or alternatively for the document to be stricken and for leave to file a redacted version of the exhibit and (2) to proceed under the pseudonym "John Doe Subscriber Assigned IP Address 67.174.106.86" or "John Doe" until trial. In support, Doe states as follows:

---

[1] Although the Court has temporarily restricted the attachment under Restriction Level Two "in light of its ruling on the Motion to Quash herein which permits Comcast to disclose Defendant's name and address to Plaintiff" [ECF No. 14 at 4 n. 1], Restriction Level Two limits access to the filing party and the Court. D.C.COLO.LCivR 7.2(b). Doe would request that the Court restrict the exhibit under Level One.

**Local Rule 7.1 Certification:** Pursuant to D.C.COLO.LCivR 7.1, Doe's undersigned counsel conferred with counsel for Plaintiff regarding this motion and certifies that Plaintiff does not oppose this relief.

### I. BACKGROUND

1. This a copyright lawsuit brought by Plaintiff Strike 3 Holdings, LLC, which asserts that it is the owner of various "adult motion pictures," or pornographic films. [ECF No. 1 ¶ 2].

2. Plaintiff has sued Doe, who at the time of filing was "known only by an IP address" [*Id.* ¶¶ 1, 12], for allegedly using "the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures." [*Id.* ¶ 28].

3. Given that Plaintiff only knew Doe's IP address, Plaintiff moved for, and the Court granted, leave to conduct early discovery on Doe's identity. [ECF Nos. 8, 10].

4. In response to Plaintiff's Rule 45 subpoena, Comcast—Doe's internet service provider—delivered a letter to Doe informing them of the lawsuit and providing them with an opportunity to seek Court intervention before Comcast would turn over Doe's name and address to Plaintiff. [ECF No. 12 at 2].

5. Through predecessor counsel, Doe moved to quash Plaintiff's subpoena to Comcast, in which the letter from Comcast was attached as an exhibit but inadvertently was filed without redacting Doe's name and address. [ECF No. 12-1].

6. The Court denied the motion to quash. [ECF No. 14]. In its order, the Court noted that Doe had filed the Comcast letter without redaction and temporarily directed the Clerk to maintain the letter at Restriction Level Two. [ECF No. 14 at 4–5].

7.      Doe files this motion to maintain restrictions on the public dissemination of the Comcast letter and to seek leave from the Court to proceed under the pseudonym "John Doe Subscriber Assigned IP Address 67.174.106.86" or "John Doe" until trial.

## II.    ARGUMENT

### A. Applicable Legal Standards.

Although the Federal Rules of Civil Procedure "make no provision for suits by persons using fictitious names or for anonymous plaintiffs," *United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1249 (10th Cir. 2017) (quoting *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (per curiam)), the Tenth Circuit provides that "exceptional circumstances [may] warrant[] some form of anonymity in judicial proceedings." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). This exception can include "cases involving matters of a highly sensitive and personal nature." *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

The local rules also provide, "[u]nless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings." D.C.COLO.LCivR 7.2(a). A movant seeking to restrict a matter must show "a clearly defined and serious injury that would result if access is not restricted," and that the interest to be protected "outweighs the presumption of public access." D.C.COLO.LCiv 7.2(c)(3) and (c)(2). The movant must also explain why no alternative to restriction is practicable (such as redaction, summarization, or restricted access to exhibits or portions of exhibits). D.C.COLO.LCiv 7.2(c)(4). A district court should exercise "informed discretion" and weigh the movant's claimed right to privacy against

3

the countervailing public interest in open court proceedings. *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998).

### A. Doe would suffer an injury if required to reveal their identity.

Doe has been sued for allegedly downloading the works of Plaintiff, which creates pornographic films under the names *Blacked*, *Tushy*, *Vixen*, *Tushy Raw*, *Blacked Raw*, and *Slayed*. [ECF No. 1 ¶ 3].

In many file-sharing cases, courts have recognized that the potential shame and embarrassment of being accused of online piracy is often used as unfair leverage by plaintiffs. *See,e.g., Sunlust Pictures v. Does 1-75*, No. 12-cv-01546, 2012 WL 3717768, at *5 (N.D. Ill. Aug. 27, 2012) ("Judges within this district have recognized that plaintiffs in these types of cases might unfairly threaten to disclose defendants' identities in order to improperly leverage settlement negotiations.") (citing *Hard Drive Productions v. Does 1-48*, No. 11-cv-00962, 2012 WL 2196038 (N.D. Ill. June 14, 2012)). This is especially true when the content the defendant is accused of downloading or sharing is pornographic. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, Civ. No. 18-1945 (JBA), 2019 WL 1122984, at *3 (D. Conn. Mar. 12, 2019) (explaining that "[t]his [c]ourt is sensitive to the fact that the sheer volume of cases commenced by [Plaintiff], and their brief procedural history—commencement of the action, receipt of permission to serve a third-party subpoena on an ISP provider prior to the 26(f) conference, and voluntary dismissal of the actions weeks or months thereafter—is suggestive of coercive settlement practices that this [c]ourt does not condone"); *Strike 3 Holdings, LLC v. Doe*, Civ. No. 20-14321 (NLH/AMD), 2021 WL 7286225, at *5 (D.N.J. Dec. 22, 2021) ("courts have raised issues with Plaintiff's settlement of these actions"); *Strike 3 Holdings, LLC v.*

*Doe*, Civ. No. 18-16593 (MAS), 2019 WL 4745360, at *6 (D.N.J. Sept. 30, 2019) (allowing defendant to proceed anonymously after he lodged contentions that "[p]laintiff plans to use the threat of litigation coupled with the threat of reputational injury to coerce a settlement"); *Strike 3 Holdings, LLC v. Doe*, Civ. No. 18-822 (CB), 2018 WL 3688412, at *1 n.2 (W.D. Pa. Aug. 3, 2018) (noting the "[c]ourt shares the concerns of a number of district courts that the defendants might be subject to coercive settlement tactics absent limits"). At least one other has court recognized that a fundamental component of the business-litigation model is that "the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle." *MCGIP, LLC v. Does 1-149*, No. 11-cv-02331, 2011 WL 4352110, at *4 (N.D. Cal. Sept. 16, 2011).

Apart from the embarrassment of being named in a file-sharing lawsuit involving pornography, "the highly sensitive nature and privacy issues that could be involved with being linked to pornography film" are an important consideration in determining whether Doe should be permitted to remain anonymous. *Next Phase Distribution, Inc. v. Doe 1-138*, No. 11 Civ. 9706(KBF), 2012 WL 691830, at *2 (S.D. N.Y. Mar. 1, 2012); *Strike 3 Holdings, LLC v. Doe,* No. CV 21-3702-KSM, 2022 WL 1214170, at *2 (E.D. Pa. Apr. 25, 2022) (citing *Digit. Sin, Inc. v. Does 1-5698*, No. C 11-04397, 2011 WL 5362068, at *4 (N.D. Cal. Nov. 4, 2011) ("An allegation that an individual illegally downloaded adult entertainment likely goes to matters of a sensitive and highly personal nature.")) (granting motion to proceed under pseudonym in Strike 3 case). In *Whalen v. Roe*, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977), the Supreme Court recognized "a right to privacy in the non-disclosure of personal information." *Herring v. Keenan*, 218 F.3d 1171, 1175 (10th Cir. 2000). This Circuit has also held that governmental disclosure of

5

personal medical information violated the right of privacy. *Leiser v. Moore*, 903 F.3d 1137, 1140 (10th Cir. 2018). Although, this case is not about the governmental disclosure of private information, it would involve questions about, and discovery related to, Doe's sexual preferences and proclivities. Just like what books Doe might check out from the library, or what videos they rent,[2] their sexual interests and proclivities are something Doe considers private and highly personal—as many people would. *See* Declaration of John Doe ¶ 6 attached as **Exhibit 1**.

Further, Doe has an economic interest in proceeding pseudonymously and restricting the Comcast letter from public disclosure. Doe is a graduate student, who is applying for post-doctoral employment. *See id.* at ¶ 3. The disclosure of Doe's identity could impact their ability to obtain post-doctoral employment, particularly at religiously affiliated institutions and having to disclose to universities and employers that Doe is being sued for allegedly downloading pornography, would be embarrassing to Doe. *See id.* at ¶¶ 7–8.

### B. The injury to Doe outweighs the public interest in knowing Doe's identity.

Along with Doe's interest in maintaining their privacy, the Court must also consider whether that interest outweighs the public interest in knowing Doe's identity. In cases involving downloading pornography, courts have found that there is a "minimal public interest (when weighed against defendant's interests) in disclosing defendant's name." *Next Phase Distribution, Inc.*, 2012 WL 691830, at * 2; *Strike 3 Holdings*, 2022 WL 1214170, at *2 (collecting other Strike 3 cases for the same proposition); *Malibu*

---

[2] *See* Stephen Advokat, *Publication of Bork's Video Rentals Raises Privacy Issue*, CHICAGO TRIBUNE (last visited June 16, 2023), https://www.chicagotribune.com/news/ct-xpm-1987-11-20-8703270590-story.html.

*Media, LLC v. Reynolds*, No. 12 C 6672, 2013 WL 870618, at *7 (N.D. Ill. Mar. 7, 2013) ("harm to the public interest is minimal"; "Doe 15 does not request that the case move forward under seal, nor does he move for a blanket protective order barring disclosure of his identity for the duration of this litigation").

Nor did Doe choose to bring "a private matter into the public eye." *Doe v. Regents of Univ. of Colorado*, 603 F. Supp. 3d 1014, 1021 (D. Colo. 2022) (rejecting a request to proceed anonymously because the allegations concerned a "matter of public concern"—claims of misconduct at a public institution—which, if kept secret, would prevent defendants from defending the allegations); *Doe v. Federal Bureau of Investigation*, 218 F.R.D. 256, 259 (D. Colo. 2003)) ("By initiating an action for damages based on the FBI's disclosure of the Plaintiff's confidential File, Plaintiff has chosen to bring a private matter into the public eye."). Unlike plaintiffs who seek anonymity in court after filing suit and bringing private matters into the public sphere, Doe did not choose to be subjected to this litigation or have their private matters brought to court.

Here, Doe does not seek a blanket order sealing the case or preventing their identity from becoming known indefinitely. Instead, Doe asks that they be permitted to proceed pseudonymously until trial. Given these limitations and Doe's privacy interests, Doe argues that the public interest in their identity being revealed *at this stage* is minimal. Allegations of downloading of pornography is not a "matter of public concern" and Doe did not file this proceeding. And unlike the defendants in *Regents*, Doe is choosing not to publicly defend these allegations. Doe's pseudonymity does not harm Plaintiff's efforts in prosecuting its case—it does not oppose this request—and eventually, if this case proceeds to trial, the public could learn Doe's identity.

7

### III.    CONCLUSION

For these reasons, Doe respectfully requests that the Court (1) grant this motion, (2) direct the Clerk to restrict ECF No. 12-1 to Restriction Level One or direct the Clerk to strike ECF No. 12-1 and permit Doe to re-file ECF No. 12-1 with redactions, and (3) permit Doe to proceed pseudonymously until trial.

Dated: June 16, 2023.

Respectfully submitted,

/s/ James M. Slater
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel. (305) 523-9023

*Counsel for John Doe*

### CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2023, I electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will send notification of such filing to:

Jessica Fernandez
Associate In-House Counsel
General Media Systems, LLC
11271 Ventura Blvd, #717
Studio City, CA 91604
*Attorney for Plaintiff*

By: /s/ James M. Slater
James M. Slater

8